# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CHICAGO JOHN DINEEN LODGE #7, JOSPEH CAPPELLO, ERIC DURON, VINCENT BARNER, TERRANCE NALLS, GEORGE SPACEK, DIMAR VASQUEZ, JAMIE ACOSTA, AND LUKASZ GORSKI<br><br>        Plaintiffs,<br><br>   v.<br><br>ANDREA KERSTEN, individually and in her official capacity, SHARDAY JACKSON, individually and in her official capacity, MATTHEW HAYNAM, individually and in his official capacity, ANGELA HEARTS-GLASS, individually and in her official capacity, STEPHANIE HRENO, individually and in her official capacity, CIVILIAN OFFICE OF POLICE ACCOUNTABILITY, CHICAGO POLICE DEPARTMENT, CITY OF CHICAGO, and LARRY B. SNELLING, in his official capacity.<br><br>        Defendants. | Case No. 1:24-cv-07376<br><br>Judge Jorge L. Alonso<br><br>Magistrate Judge Jeannice W. Appenteng |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## <u>THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>

Michael A. Warner Jr. (maw@franczek.com)
Reva G. Ghadge (rgg@franczek.com)
FRANCZEK P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 986-0300
(312) 986-9192 fax

Dated: November 8, 2024

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.............................................................................................ii

INTRODUCTION .........................................................................................................1

FACTS .........................................................................................................................2

    A.    Plaintiff Dineen Lodge.....................................................................4

    B.    Individual Plaintiffs ........................................................................4

ARGUMENT ...............................................................................................................7

I.    COPA and CPD Should be Dismissed as Parties Along with Defendants Kersten, Jackson, Hearts-Glass, Hreno, and Snelling in their Official Capacities. ...........................................7

II.    The Union Can Not Show Standing and Should Be Dismissed As A Party Under Rule 12(b)(1) ................................................................................................................7

    A.    Standard of Review...........................................................................7

    B.    The Union Lacks Direct Standing .....................................................8

    C.    The Union Lacks Associational Standing ..........................................9

III.    Plaintiffs' Complaint Should be Dismissed Under Rule 12(b)(6) ......................................9

    A.    Standard of Review..........................................................................10

    B.    Plaintiffs Fail to Plead an Actionable Due Process Claim....................................10

    C.    Plaintiffs Do Not Allege an Equal Protection Violation .........................................12

IV.    Count II Fails to State A Claim Against Defendant City of Chicago and Should be Dismissed Under Rule 12(b)(6) ......................................................................................12

V.    The Complaint Fails to State Viable Individual Capacity Claims against the COPA Officials and Employees. ...........................................................................................14

    A.    The Individual COPA Defendants are Entitled to Qualified Immunity ................14

    B.    The Complaint Does Not Allege Sufficient Personal Involvement by the Individual Defendants to Support a Claim against Them. ....................................15

VI.    Count III Fails Because Defendants are Immune and Plaintiffs Fail to State a Claim for False Light Invasion of Privacy. ......................................................................................16

    A.    Plaintiffs' False Light Claims Are Barred by the Tort Immunity Act. ...................16

    B.    Plaintiffs' False Light Claim Fails as a Matter of Law ...........................................17

VII.    Plaintiffs' Claims are Time Barred.......................................................................................19

CONCLUSION....................................................................................................................................20

# TABLE OF AUTHORITIES

**Cases**          Page(s)

*Arquero v. Dart*,
587 F. Supp. 3d 721 (N.D. Ill. 2022) ........................................................ 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................. 10

*Atkins v. City of Chi.*,
631 F.3d 823 (7th Cir. 2011) .................................................................... 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................. 10

*Bradley v. Vill. of Univ. Park, Ill.*,
59 F.4th 887 (7th Cir. 2023) ..................................................................... 14

*Chan v. Wodnicki*,
123 F.3d 1005 (7th Cir.1997) ..................................................................... 7

*Chang Hyun Moon v. Kang Jun Liu*,
2015 IL App (1st) 143606, 44 N.E.3d 1134 (2015) ................................... 18

*Charleston v. Bd. of Trs. Of Univ. of Ill. at Chi.*,
741 F.3d 769 (7th Cir. 2013) .................................................................... 11

*Cook County v. Wolf*,
962 F.3d 208 (7th Cir. 2020) ...................................................................... 8

*D.C. v. Wesby*,
583 U.S. 48 (2018) ................................................................................... 14

*Denius v. Dunlap*,
330 F.3d 919 (7th Cir.2003) ....................................................................... 3

*Engquist v. Or. Dep't of Agric.*,
553 U.S. 591 (2008) ................................................................................. 12

*Ennenga v. Starns*,
677 F.3d 766 (7th Cir. 2012) .................................................................... 19

*Forgue v. City of Chi.*,
   873 F.3d 962 (7th Cir. 2017) ............................................................... 12

*Gray v. City of Chi.*,
   159 F. Supp. 2d 1086 (N.D. Ill. 2001) ..................................................... 7

*Hunt v. City of Chi.*,
   2024 WL 4333189 (N.D. Ill. Sept. 27, 2024) ................................... passim

*Hunt v. Wash. State Apple Advert. Comm'n*,
   432 U.S. 333 (1997) ............................................................................ 9

*Int'l Union, United Auto. Aerospace, and Agric. Implement Workers of America v. Dep't of Lab.*,
   477 U.S. 274 (1986) ............................................................................ 9

*Keen v. Bluestar Energy Svcs., Inc.*,
   2012 WL 1118215 (N.D. Ill. March 30, 2012) ......................................... 8

*Kelly v. City of Chi.*,
   2023 WL 1779819 (N.D. Ill. Feb. 5, 2023) .............................................11

*Kolegas v. Heftel Broad. Corp.*,
   154 Ill. 2d 1, 607 N.E.2d 201 (1992) ............................................... 17, 18

*Kurkowski-AliAcea v. Vill. of Bolingbrook*,
   2010 WL 3721477 (N.D. Ill. Sept. 15, 2010) ......................................... 16

*Licari v. City of Chi.*,
   298 F.3d 664 (7th Cir. 2002) ............................................................... 19

*Liska v. Dart*,
   60 F. Supp. 3d 889 (N.D. Ill. 2014) ......................................................11

*Marszalek v. Kelly*,
   2022 WL 225882 (N.D. Ill. Jan. 26, 2022) .............................................. 8

*McCormick v. Chi. Transit Auth.*,
   2023 WL 5608000 (N.D. Ill. Aug. 30, 2023) ......................................... 12

*Monell v. Dep't of Soc. Svcs. Of City of N.Y.*,
   436 U.S. 658 (1978) .......................................................................... 13

*Olim v. Wakinekona*,
   461 U.S. 238 (1983) ...........................................................................11

*Omosegbon v. Wells,*
 335 F.3d 668 (7th Cir. 2003) ...................................................... 7

*Osumdairo v. Glandian,*
 591 F. Supp. 3d 353 (N.D. Ill. 2022) ...................................... 17

*Perkins v. Madison Cnty. Sheriff's Dep't,*
 2023 IL App (5th) 220585-U .................................................... 14

*Plaintiff 1 v. Bd. of Educ. of Lake Forest High Sch. Dist. 115,*
 2024 IL App (2d) 230173 .......................................................... 16

*Poulos v. Lutheran Soc. Serv. Of Ill., Inc.,*
 312 Ill. App. 3d 731, 728 N.E.2d 547 (1st Dist. 2000) ............ 20

*Ramos v. City of Peru,*
 333 Ill. App. 3d 75, 775 N.E.2d 184 (3d Dist. 2002) ............... 16

*Raveling v. HarperCollins Publ. Inc.,*
 2005 WL 900232 (7th Cir. Mar. 4, 2005) ............................... 18

*Schaffer v. Zekman,*
 196 Ill. App. 3d 727, 554 N.E.2d 988 (1st Dist. 1990) ...... 17, 18

*Simon v. E. Ky. Welfare Rts. Org.,*
 426 U.S. 26 (1076) ..................................................................... 7

*Small v. Chao,*
 398 F.3d 894 (7th Cir. 2005) .................................................... 19

*Steel Co. v. Citizens for a Better Env't,*
 523 U.S. 83 (1998) ..................................................................... 9

*Thole v. U.S. Bank N.A.,*
 590 U.S. 538 (2020) ................................................................... 8

*U.S. ex rel. Bidani v. Lewis,*
 1998 WL 1820753 (N.D. Ill. Dec. 29, 1998) ............................ 8

*Warth v. Seldin,*
 422 U.S. 490 (1975) ................................................................... 9

*West v. Waymire,*
 114 F.3d 646 (7th Cir. 1997) ..................................................... 7

*White v. Ill. State. Police*,
   15 F.4th 801 (7th Cit. 2021) ........................................................................ 8

*Will v. Mich. Dep't of State Police*,
   491 U.S. 58 (1989) ....................................................................................... 7

*Wilson v. Cook Cnty.*,
   742 F.3d 775 (7th Cir. 2014) ...................................................................... 13

*Woodring v. Jackson Cnty*,
   986 F.3d 979 (7th Cir. 2021) ......................................................................... 8

*Word v. City of Chi.*,
   946 F.3d 391 (7th Cir. 2020) ...................................................................... 12

Statutes

42 U.S.C. §1983 ................................................................................ 14, 15, 19, 20

745 ILCS 10/2-107 ...................................................................................... 16, 17

745 ILCS 10/2-201 ............................................................................................ 17

Article III of the U.S. Constitution ...................................................................... 8

Rules

Federal Rule of Civil Procedure 12(b)(1) ............................................................ 7

Rule 12(b)(6) ................................................................................................ 9, 12

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendants, City of Chicago, Andrea Kersten, Sharday Jackson, Angela Hearts Glass, Stephanie Hreno, and Larry B. Snelling[1] by and through their attorneys, Franczek P.C. hereby file the following Memorandum of Law in Support of their Motion to Dismiss.

**INTRODUCTION**

The individual Plaintiffs in this action are eight Chicago police officers who were investigated for misconduct by the City of Chicago Civilian Office of Police Accountability ("COPA") and disciplined by the Chicago Police Department based on the results of those investigations. The labor union who represents the Plaintiff officers is also named as a Plaintiff. A labor arbitrator overturned the discipline of five of the eight officers. Three of the officers have challenged the discipline in arbitration but have not yet received final arbitration decisions. Plaintiffs allege their Constitutional Due Process and Equal Protection Rights were violated because COPA conducted flawed and biased investigations. The officers whose discipline was overturned in arbitration further allege they were placed in a "false light" by the failure of COPA to update publicly available information regarding the underlying investigations to state that the officers' discipline was overturned by an arbitrator.

Plaintiffs' Complaint lacks merit and should be dismissed with prejudice in its entirety for numerous reasons. Plaintiff Chicago John Dineen Lodge #7 (the "Union"), the Union representing City police officers, lacks standing to sue either on behalf of itself or its members because the Union itself has suffered no cognizable injury or harm, and the relief sought by the individual

---

[1] The City of Chicago Office of Police Accountability ("COPA") and Police Department are agencies within the City of Chicago who are erroneously named as separate defendants. *See infra,* Section I.

1

officers requires their individual participation in the litigation, thereby precluding associational standing by the Union.

Plaintiffs' due process and equal protection claims fail as a matter of law because their challenges to COPA's investigatory process do not allege any protected constitutional due process right that was violated or discriminatory treatment supporting an equal protection claim. They also cannot show that the remedies available to them through the grievance and arbitration process did not adequately redress any alleged harm resulting from the allegedly improper discipline. Plaintiffs' constitutional claims against the City itself also fail as a matter of law because they fail to allege a custom or policy causing the alleged constitutional violations. Similarly, the constitutional claims against the individually named Defendants fail because Plaintiffs do not allege personal involvement by any of the individuals in the challenged conduct, and the individual Defendants are also immune from suit under the doctrine of qualified immunity.

Plaintiffs' state law false light invasion of privacy claims should be dismissed because they are barred by the Tort Immunity Act and Plaintiffs fail to state an actionable false light claim as a matter of law. Finally, Plaintiffs' claims are time barred by the two-year statute of limitations applicable to civil rights claims under 42 U.S.C. ¶1983 and the one-year statute of limitations applicable to false light invasion of privacy claims.

## FACTS[2]

Defendant City of Chicago (the "City") is a municipal corporation located in Cook County, Illinois. Compl. ¶19. The Chicago Police Department ("CPD"), which is erroneously named as a separate defendant, is the City department responsible for enforcing laws and protecting its citizens through its employed Police Officers. Compl. ¶20. The Civil Office of Police Accountability

---

[2] For the purposes of this motion only, Defendants assumes the truth of Plaintiffs' well-pleaded facts.

("COPA"), also erroneously named as a separate defendant, is an independent agency within the City responsible for the intake of all complaints regarding allegations of misconduct by CPD members and the investigation of such allegations. Compl. ¶26.[3] City employees named as Defendants include Superintendent of CPD, Larry B. Snelling, Chief Administrator of COPA, Andrea Kersten, COPA's Deputy Chief Administrators Sharday Jackson and Angela Hearts-Glass, and COPA Director of Investigations, Stephanie Hreno (collectively with the City, CPD, and COPA referred to as "Defendants"). Compl. ¶¶ 24, 31 35, 37. Also employed by the City is COPA Deputy Chief Administrator Matthew Haynam. Compl. ¶33.[4]

COPA's mission is to "[p]rovide a just and efficient means to fairly and timely conduct investigations within [its] jurisdiction; [d]etermine whether allegations of police misconduct are well-founded; [i]dentify and address patterns of police misconduct; and [m]ake policy recommendations to improve the Chicago Police Department, thereby reducing incidents of police misconduct." Compl. ¶43; *Vision & Mission*, Civilian Office of Police Accountability, https://www.chicagocopa.org/about-copa/mission-history/, (last visited Oct. 31, 2024). COPA seeks to conduct investigations "with integrity, transparency, independence, and timeliness" and to determine whether an allegation of misconduct is founded by a preponderance of the evidence standard. Compl.¶ 44. COPA seeks to ensure police accountability and build trust in civilian oversight of police departments and to do so shares its findings with the public. Compl. ¶¶ 46, 48.

When COPA completes its investigation into an allegation of police misconduct, it uploads a Summary Report of Investigation ("SRI") which is accessible to the public. Compl. ¶ 49–50. A copy of the SRI is sent to CPD's Command Channel Review (CCR) for review and final action.

---

[3] *See* FAQs - Civilian Office of Police Accountability The Court may take judicial notice of information on an official government website. *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir.2003).
[4] Hayman is represented by separate counsel and is not a party to this Motion.

CCR reviews COPA's findings and provides a recommendation of disciplinary action to the CPD Superintendent. The Superintendent may choose to accept COPA's recommendation, reduce it, or raise it. Compl. ¶53–54.

### C. Plaintiff Dineen Lodge

Plaintiff, John Dineen Lodge (the "Union") is the labor union representing City of Chicago police officers. The Union and the City are parties to a collective bargaining agreement ("CBA") that governs the terms and conditions of employment for police officers. Compl. ¶ 8. The CBA provides that an officer can only be disciplined for cause and contains a binding grievance and arbitration procedure which provides every Police Officer who is subject to disciplinary action to a full evidentiary hearing before a mutually selected neutral arbitrator. Compl. ¶10.

### D. Individual Plaintiffs

Plaintiff Joseph Cappello is a tactical officer with CPD who began his employment in 2014. Compl. ¶11. A woman he arrested for alleged possession of illegal narcotics on December 6, 2019 filed a complaint against him. *Id.* COPA investigated the complaint and issued a SRI finding he conducted an improper search of the woman. Compl. ¶57. COPA's SRI recommended a suspension of 30 days which increased to 45 days by CPD. *Id.* The Union submitted Cappello's suspension for arbitration and the arbitrator rescinded the suspension. Compl. ¶¶ 58–60.

Plaintiff Eric Duron is employed as a tactical officer with CPD Compl. ¶ 12. On October 9, 2018, Duron was performing patrol duties when he saw a man walking with his hands inside his sweatshirt who he believed was concealing something. Compl. ¶64. Duron performed an investigatory stop on the man who began to run; Duron's partner chased after him while Duron moved their squad car when it was safe. *Id.* at ¶65-67. While he was attempting to find the man who had fled, Duron heard a noise on the side of his squad car; he stopped his vehicle and saw the

man lying on the ground behind the vehicle. *Id.* at ¶66. CPD's Major Accident Investigation Unit investigated while COPA conducted a separate investigation into the incident. Compl. ¶68. COPA issued an SRI which alleged Duron did not activate his body-worn camera and carelessly operated his CPD vehicle. Compl. ¶70. Duron was suspended for 10 days which was reduced to one day after an arbitration hearing. Compl. ¶72.

Plaintiff Vincient Barner is a patrol officer who has been with the CPD since 1995. Compl. ¶13. In August 2018 Barner was undergoing a divorce from his wife during which time they switched off residing in their home to care for their children. Compl. ¶77. On August 16, 2018, Barner's wife claimed he arrived at the residence, and engaged in a fight which was overheard by their daughter's tutor. Compl. ¶77. The tutor informed COPA she heard Barner make a number of concerning statements including "You are gonna make me do something I don't want to do." Compl. ¶77. Following its investigation, COPA issued an SRI alleging Barner made verbal threats towards his wife and recommended he be suspended for 10 days. Compl. ¶78. CPD accepted the recommendation and pursued discipline against the officer, but an arbitrator rescinded the suspension. Compl. ¶83.

Plaintiff Terrance Nalls began working for CPD in 1994; he has worked as both a tactical officer and a detective for the department. Compl. ¶14. On December 19, 2015 Nalls received a call that his son was detained for theft. Nalls drove to retrieve his son and in a parking lot physically disciplined his son. Compl. ¶87. The incident was caught on camera. *Id.* COPA investigated the allegation when it was brought to CPD's attention, sustained the allegation and recommended a 20-day suspension. Compl. ¶88. CPD imposed the suspension, and an arbitrator subsequently overturned the suspension. Compl. ¶89–90.

Plaintiff George Spacek has worked primarily as a tactical officer for CPD since 2001. Compl. ¶15. On February 24, 2021, Spacek conducted a traffic stop where he observed a man being uncooperative with other officers and potentially attempting to flee. Compl. ¶94. Spacek opened a vehicle door to stop the man's attempt to flee and saw a bag on the back seat. *Id.* Spacek was concerned there was a weapon in the bag and grabbed it but did not search the bag. *Id.* COPA investigated a claim against Spacek from the man that he illegally searched his vehicle and seized his bag. COPA investigated this complaint and recommended a 20-day suspension, which CPD imposed. Spacek and the Union have challenged this discipline through the grievance and arbitration process, but a decision has not yet been rendered. Compl. ¶99.

Since 2015, Plaintiff Dimar Vasquez has worked as a tactical officer for CPD. Compl. ¶16. On April 25, 2018, Vasquez received a high priority, officer in distress, call from the scene of a domestic incident. Compl. ¶ 100. While investigating the incident, Vasquez pointed a rifle at a man while questioning him, although he allegedly had the safety on and his finger off the trigger. Compl. ¶102. COPA investigated the man's allegation against Vasquez and found he violated CPD policy. Compl. ¶104. COPA recommended a one-year suspension, which CPD imposed. Compl. ¶¶ 104, 107. Vasquez's suspension is still pending review by an arbitrator. Compl. ¶110.

Plaintiff Jamie Acosta is a tactical officer who has worked for CPD since 2015. Compl. ¶17. Acosta's former wife reported a custody dispute against him on March 5, 2020 during which she claimed he threw water at her and again on March 7, 2020 claiming he entered their house without permission. Compl. ¶111. COPA investigated the allegation against Acosta and substantiated the allegations, finding Acosta not credible and recommending a 180-day suspension. Compl. ¶112. CPD increased the discipline to a one-year suspension which is pending review by an arbitrator. Compl. ¶¶ 114, 116.

Plaintiff Lucasz Gorski has been a tactical officer for CPD since 2013. Compl. ¶18. Gorski was engaged in a traffic pursuit which resulted in a crashed vehicle on June 8, 2018. Compl. ¶117. COPA investigated the pursuit and found the officers should not have engaged in pursuit. Compl. ¶118. COPA recommended a six-month suspension which CPD imposed. Compl. ¶118–19. An arbitrator reversed the suspension. Compl. ¶119.

## ARGUMENT

I. **COPA and CPD Should be Dismissed as Parties Along with Defendants Kersten, Jackson, Hearts-Glass, Hreno, and Snelling in their Official Capacities.**

Plaintiffs name the Civilian Office of Police Accountability and the Chicago Police Department as separate Defendants. However, both are subparts of the City of Chicago and not suable entities. *See e.g., Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir.1997); *see also Gray v. City of Chi.*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001) (dismissing claims against CPD because it was not a suable entity); *see generally, West v. Waymire*, 114 F.3d 646, 646–47 (7th Cir. 1997) (noting Indiana municipal police departments lacked capacity to be sued). Further, neither COPA nor CPD are a "person" under §1983 and Plaintiffs may not bring a claim against them. *See e.g. Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Omosegbon v. Wells*, 335 F.3d 668, 672 – 73 (7th Cir. 2003). The "official capacity" claims against Defendants Kersten, Jackson, Hearts-Glass, Hreno, and Snelling are also wholly duplicative and redundant of the claims against the City itself, and therefore should be dismissed. *Will*, 491 U.S. at 71.

II. **The Union Can Not Show Standing and Should Be Dismissed As A Party Under Rule 12(b)(1)**

### A. Standard of Review

Federal court jurisdiction is limited to claims which raise an actual case or controversy that confers standing to sue. *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 37 (1076). Federal Rule of

Civil Procedure 12(b)(1) provides for the dismissal of claims where a court lacks subject matter jurisdiction due to lack of standing. A court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff and may consider extrinsic evidence when reviewing a 12(b)(1) motion. *Keen v. Bluestar Energy Svcs., Inc.*, 2012 WL 1118215, at *1 (N.D. Ill. March 30, 2012). The plaintiff bears the burden of establishing jurisdiction, but the court may resolve the dispute based on evidence submitted with the pleadings or may allow additional pleadings. *U.S. ex rel. Bidani v. Lewis*, 1998 WL 1820753, at *3 (N.D. Ill. Dec. 29, 1998). Article III of the U.S. Constitution limits federal judicial jurisdiction to the adjudication of "cases" and "controversies." *Marszalek v. Kelly*, 2022 WL 225882, at *3 (N.D. Ill. Jan. 26, 2022) (citing *Cook County v. Wolf*, 962 F.3d 208, 218 (7th Cir. 2020)).

Standing requires (1) an injury in fact, (2) which is caused by the defendants' conduct, and is (3) redressable by a favorable decision. *Id.* (citing *Woodring v. Jackson Cnty*, 986 F.3d 979, 984 (7th Cir. 2021)). An organization may have standing to sue on behalf of itself or its members. *Id.* (citing *White v. Ill. State. Police*, 15 F.4th 801, 807 (7th Cit. 2021). An "injury in fact" must be "concrete and particularized" to sufficiently show standing. *Id.* at *4. The Union's claims should be dismissed because it does not have standing to sue either for itself or on behalf of its members.

### B. The Union Lacks Direct Standing

The Union has not established an "injury in fact" allowing it to sue on its own behalf because it has not suffered any damage to itself for purposes of Article III standing. The Union alleges it "expended resources on attorneys' fees and arbitration costs" on behalf of each individual plaintiff but alleges no other tangible harm to the Union itself. Compl. ¶ 122. The expenditure of attorney's fees, however, is not an injury which confers standing. *See*, *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 541 (2020) ("[A]n 'interest in attorney's fees is, of course, insufficient to create an Article

III case or controversy where none exists on the merits of the underlying claim.'"); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998). Accordingly, the Union should be dismissed as a party for lack of direct standing or precluded from recovering damages on behalf of itself.

## C. The Union Lacks Associational Standing

The Union also cannot show it has standing to sue on behalf of its members. Associations have standing on behalf of their members when "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Int'l Union, United Auto. Aerospace, and Agric. Implement Workers of America v. Dep't of Lab.*, 477 U.S. 274, 282 (1986) (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1997). The constitutional due process and equal protection claims asserted in this case require the participation of individual members in the lawsuit because they are violations of *their* rights — and which require different treatment towards each individual plaintiff — not the union's rights. Furthermore, Plaintiffs' requests for relief, while including declaratory and injunctive relief, focus on requests for monetary damages such as loss of benefits, emotional distress damages, compensatory damages, and punitive damages. Compl. at 33, 35, 37. These can only be substantiated by the individual members, not by the union. *See Warth v. Seldin*, 422 U.S. 490, 515 (1975) (finding no standing when damages claimed were not common to the entire membership, not shared by all in equal degree, the union alleged no monetary injury to itself, and members had not assigned their damages claims to the union) Here, Plaintiff Union makes no showing it can prevail on these claims without the individual members and thus does not have associational standing on behalf of its members.

## III. Plaintiffs' Complaint Should be Dismissed Under Rule 12(b)(6)

### A.  Standard of Review

To sufficiently state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hunt v. City of Chi.*, 2024 WL 4333189, at *2 (N.D. Ill. Sept. 27, 2024) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Only factual allegations, not legal conclusions, are entitled to an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  A plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

### B.  Plaintiffs Fail to Plead an Actionable Due Process Claim

"To state a claim for a procedural due process violation, a plaintiff must demonstrate (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) denial of due process." *Hunt*, 2024 WL 4333189, at *2. Plaintiffs fail to state an actionable due process claim because (1) the Plaintiff officers have no protectible due process right to challenge COPA's  pre-disciplinary investigation process, (2) the officers received all the process constitutionally due to them, and (3) the available state remedies under the collective bargaining agreement were adequate to address the officers' concerns.

This case is indistinguishable from *Hunt v. City of Chicago,* in which the district court rejected a Chicago police officer's due process claim when he alleged "a protectable interest . . . that the [defendants] would comply with the statutes, rules, plans, and ethics in the course of their duties by conducting full and fair investigation and impose consistent sanctions." *Id.* at *3. The district court found the plaintiff did not have a "freestanding constitutional right to a particular employment investigation process, because a *process* in itself is not a property interest protected

by the Due Process Clause." *Id.* at *3 (*citing Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)); *see also Charleston v. Bd. of Trs. Of Univ. of Ill. at Chi.*, 741 F.3d 769, 773 (7th Cir. 2013). The court emphasized "this right is not protected by the federal *Constitution*." *Hunt*, at *3 (N.D. Ill. Sept. 27, 2024) (citing *Kelly v. City of Chi.*, 2023 WL 1779819, at *1–*2 (N.D. Ill. Feb. 5, 2023)).

Plaintiffs here similarly claim "protectable interests and reasonable expectations that Defendants would timely and fairly investigate allegations . . . in an unbiased manner and that Defendants would impose fair and consistent discipline." Compl. ¶128. As in *Hunt* Plaintiffs seek to challenge the Defendants' investigatory **process**. This, however, is not a constitutionally protectable interest. *Charleston*, 741 F.3d at 773; *Hunt*, 2024 WL 4333189, at *2. Like plaintiff in *Hunt*, Plaintiffs here have not pled a property interest, let alone a deprivation of that property interest, or a lack of due process.

Due Process requires an individual have "notice and an opportunity to be heard" *Liska v. Dart*, 60 F. Supp. 3d 889, 897 (N.D. Ill. 2014). But by Plaintiffs' own assertions they were given due process. For example, each plaintiff had the opportunity to participate in the investigation, to challenge the allegation against them, to see a completed copy of the SRI, to arbitrate the decision and penalties levied against them by Defendants. Compl. ¶¶ 57–58, 69, 72, 78, 83, 88–90, 95, 99, 103, 110, 112, 116, 118, 121. They also have each been given the opportunity to challenge the discipline imposed through the grievance and arbitration process; five of the Plaintiff officers prevailed in those proceedings, and three of those officers still have the opportunity to redress any harm resulting from unwarranted discipline. Plaintiffs make no showing they were not given notice of the allegations against them or an opportunity to be heard regarding those allegations.

Finally, Plaintiffs' due process claims fail as a matter of law because state remedies were fully adequate to address their claims. "Where state law remedies exist, a plaintiff must either avail

[himself] of the remedies guaranteed by state law or demonstrate that the available remedies are inadequate." *Hunt,* 2024 WL 4333189, at *3 (stating plaintiff failed to show state law remedies were inadequate where he made use of arbitration procedures under a collective bargaining agreement). As in *Hunt*, Plaintiffs availed themselves of arbitration procedures under the CBA and five of them had their disciplinary suspensions overturned. Plaintiffs therefore fail to plead a viable due process claim.

### C.  Plaintiffs Do Not Allege an Equal Protection Violation

In the same count, Plaintiffs also attempt to allege an Equal Protection violation. "[T]he Equal Protection Clause is implicated when the government makes class-based decisions in the employment context, treating distinct groups of individuals categorically differently." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 605 (2008). "[P]ublic employees may not bring class-of-one claims against their public employers." *Forgue v. City of Chi.*, 873 F.3d 962, 968 (7th Cir. 2017). To adequately plead an Equal Protection claim, plaintiffs must therefore "assert membership in a protected class." *Hunt*, 2024 WL 4333189, at *4. Plaintiffs must also show "defendants acted with a nefarious discriminatory purpose." *McCormick v. Chi. Transit Auth.*, No. 23 C 1998, 2023 WL 5608000, at *2 (N.D. Ill. Aug. 30, 2023) (citing *Word v. City of Chi.,* 946 F.3d 391, 396 (7th Cir. 2020)). Here, the Plaintiffs do not allege that they are members of a protected class or that they were treated differently than others outside of their class. Compl. ¶¶ 125–29. Plaintiffs alleges no facts, only legal conclusions that Defendants had a "nefarious discriminatory purpose." Their Equal Protection claim therefore fails and Count I of the Complaint should therefore be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### IV.    Count II Fails to State A Claim Against Defendant City of Chicago and Should be Dismissed Under Rule 12(b)(6)

Municipalities are not strictly liable for the acts of their officers or employees under § 1983. Rather a municipality is liable only if an official "policy or custom" resulted in the alleged civil rights violation. *Monell v. Dep't of Soc. Svcs. Of City of N.Y.*, 436 U.S. 658, 690–91 (1978). Plaintiffs must allege "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policy making authority." *Id.* "[A] single incident – or even three – [does] not suffice" to show a widespread custom or practice. *Arquero v. Dart*, 587 F. Supp. 3d 721, 728 (N.D. Ill. 2022) (quoting *Wilson v. Cook Cnty.*, 742 F.3d 775, 780 (7th Cir. 2014)). Here, Plaintiffs do not allege an express policy or a constitutional injury was caused by a person with final policy making authority. Instead, the crux of Plaintiffs' Count II is the Defendant City has a "*de facto* policy, practice and/or custom of fabricating and/or improperly sustaining allegations of Officer misconduct" but they show no facts supporting this wholly conclusory allegation. Compl. ¶¶ 132, 133.

Plaintiffs allege no policy or practice which carries the force of law, and Plaintiffs' own factual allegations contradict their concluded common "policy or practice." The individual officers' challenges to COPA's investigation findings rest on highly individualized facts and circumstances and do not show a de facto policy, practice, and/or custom which had the effect of law. For example, although the arbitrator in Plaintiff Cappello's case criticized whether Defendant COPA adequately weighed witness credibility, Plaintiffs conclude "Defendants . . . intentionally ignored evidence and utilized unreliable evidence." Compl. ¶¶ 59–60. Intentionally ignoring evidence is a far leap from weighing credibility and Plaintiffs do not plausibly allege sufficient facts to support their claims of intentional wrongdoing. More important, they do not make any allegations supporting an inference any flaws in Cappello's investigation was the product of a

"policy or practice." Conversely, Plaintiff Duron alleges Defendant COPA intentionally ignored evidence but in support merely claims an "absence of explanation to ignore [the relevant evidence.]" Compl. ¶72. Plaintiff Nalls's allegations focus on delays but once again do not state any facts showing intentionality, or even recklessness, or that any delay was part of a "policy or practice" by Defendants. Compl. ¶90. At worst, Plaintiffs have identified a handful of investigations which Plaintiffs assert were flawed for various and differing reasons, which cannot support the existence of a "policy or practice" under *Monell*. *See Perkins v. Madison Cnty. Sheriff's Dep't*, 2023 IL App (5th) 220585-U, at ¶¶ 7, 26 (5th Dist. Sept. 29, 2023) (finding a plaintiff had not adequately pled a widespread practice claim under *Monell* when he failed to state any facts showing a practice which had the force or effect of law), Count II of the complaint therefore fails and should be dismissed with prejudice.

## V. The Complaint Fails to State Viable Individual Capacity Claims against the COPA Officials and Employees.

### A. The Individual COPA Defendants are Entitled to Qualified Immunity

Defendants Kersten, Jackson, Hearts-Glass, and Hreno, who are each sued in their individual capacities, are immunized against Plaintiffs' constitutional claims under the doctrine of qualified immunity. Government officials are entitled to qualified immunity when sued in an individual capacity for civil damages under 42 U.S.C. §1983 "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Bradley v. Vill. of Univ. Park, Ill.*, 59 F.4th 887, 904 (7th Cir. 2023) (internal citation omitted). Specifically, officials "are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *Id.* (citing *D.C. v. Wesby*, 583 U.S. 48, 63 (2018)). As explained above, Plaintiffs have not pled the violation of any constitutional right, let alone a clearly

established at the time of the events alleged in the Complaint. Even if a court were to now find, in hindsight, a constitutional right existed, Defendants Kersten, Jackson, Hearts-Glass, and Hreno could not know they were violating Plaintiffs' rights based on prevailing caselaw. *See*, *Hunt*, 2024 WL 4333189, at *3. Defendants Kersten, Jackson, Hearts-Glass, and Hreno are therefore immune from suit under a §1983 claim and should be dismissed from the proceedings.

**B. The Complaint Does Not Allege Sufficient Personal Involvement by the Individual Defendants to Support a Claim against Them.**

Even if Defendants Kersten, Jackson, Hearts-Glass, and Hreno were not immune from suit, they cannot be held liable in their individual capacities because the Complaint does not allege they were personally involved in or responsible for alleged Constitutional violations. To state a claim against a defendant in their individual capacity, a plaintiff "must adequately plead 'personal involvement in the alleged constitutional deprivation.'" *Id.* at 4. "The personal involvement requirement is satisfied 'if the conduct causing the constitutional deprivation occurs at [an individual's] direction or with his knowledge and consent.'" *Id.* In *Hunt*, the court held the plaintiff adequately pled personal involvement by a former CPD superintendent by alleging the superintendent directly commented on the position reassignment the plaintiff was challenging in litigation during a press conference, but did not allege a viable claim against COPA Chief Administrator Kersten because the complaint alleged no facts showing she had personal involvement in the decision. *Id.*

As in *Hunt*, the Plaintiffs here fail to allege Kersten or the other individually named COPA staff members had personal involvement in their cases and allege only they were employees of the City responsible for oversight of City policies. Compl. ¶¶ 28–32, 35–40. Plaintiffs' allegation Kersten routinely publicly comments on cases is not sufficient to permit an inference she was personally involved in any of the challenged investigations at issue. Unlike in *Hunt*, in which the

court found the CPD Superintendent's public comments on the plaintiff's case were sufficient to support an inference of the Superintendent's involvement, there is no allegation Kersten publicly commented or was aware of the investigations of the individual Plaintiffs. Compl. ¶48; *See Hunt*, 2024 WL 4333189, at *4. Because, as previously stated, Plaintiffs cannot show any implied widespread practice Defendants acted under in their official capacity either, the claims against Defendants Kersten, Jackson, Hearts-Glass, and Hreno should be dismissed with prejudice.

## VI.   Count III Fails Because Defendants are Immune and Plaintiffs Fail to State a Claim for False Light Invasion of Privacy.

### A.   Plaintiffs' False Light Claims Are Barred by the Tort Immunity Act.

Plaintiffs' state law false light invasion of privacy claims against the City and individual Defendants are barred by the Tort Immunity Act (the "Act"). The City itself[5] is immune from liability under Section 2-107 of the Act, which provides: "A local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous or for the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material." 745 ILCS 10/2-107.  This includes immunity from false light invasion of privacy claims. *See Kurkowski-AliAcea v. Vill. of Bolingbrook*, 2010 WL 3721477, at *2 (N.D. Ill. Sept. 15, 2010) ("[T]he Illinois Appellate Court held that the Tort Immunity Act barred false light, defamation, and personal injury claims.") (citing *Ramos v. City of Peru*, 333 Ill. App. 3d 75, 80, 775 N.E.2d 184, 188 (3d Dist. 2002); *Plaintiff 1 v. Bd. of Educ. of Lake Forest High Sch. Dist. 115*, 2024 IL App (2d) 230173, at ¶30 (2d Dist. 2024) ("[T]he limited case law discussing the meaning of ["provision of information"] indicates that it should be read broadly."). Plaintiff's claim for false light is based entirely on the provision of information on COPA's website and Defendants are therefore immunized from liability under the Act. *See Plaintiff 1*, 2024 IL App (2d)

_____

[5] As well as its departments, COPA and CPD and officials sued in their official capacity.

230173, at ¶29 ("[T]he language of section 2-107 suggests that it is deliberately broad. For instance it also immunizes public entities from defamation claims.").

The individual Defendants are similarly immune from liability Under Section 201 of the Tort Immunity Act which provides "[A] public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission." 745 ILCS 10/2-201. The individually named Defendants acted in their official capacities at all times relevant to this Complaint and exercised discretion while performing their official duties. Plaintiffs allege no facts supporting a claim any of the named Defendants were acting outside the scope of their employment such that they are not shielded by the Act. 745 ILCS 10/2-201. Because Defendants are immune from suit for false light, Count III of the Complaint should be dismissed.

### B. Plaintiffs' False Light Claim Fails as a Matter of Law

Plaintiffs' false light claims also should be dismissed because they fail to state an actionable claim. To state a claim for false light, a plaintiff must assert facts showing (1) they were "placed in a false light before the public as a result of the [D]efendants' actions," (2) that false light "would be highly offensive to a reasonable person," and (3) the Defendants "acted with actual malice." *Osumdairo v. Glandian*, 591 F. Supp. 3d 353, 357 (N.D. Ill. 2022) (citing *Kolegas v. Heftel Broad. Corp.*, 154 Ill. 2d 1, 18, 607 N.E.2d 201, 209 (1992)). Plaintiffs must also plead special damages to support a false light claim. *Schaffer v. Zekman*, 196 Ill. App. 3d 727, 734, 554 N.E.2d 988, 993 (1st Dist. 1990). Here, Plaintiffs' conclusory allegations do not support a claim for false light. They allege no special damages (or any damages) incurred as a result of information publicized by the City. Plaintiffs also fail to plead facts showing the COPA postings were not substantially true or that Defendants acted with actual malice.

Plaintiffs also have not pled they suffered special damages with particularity. They allege Plaintiffs were placed in a "false light" by the SRIs uploaded to the COPA website and then not updated when an arbitrator reversed the disciplinary action recommended by COPA, but do not allege any damage or harm to them resulting from the SRI's presence on the website. They do not even allege anyone read or reviewed any individual Plaintiff's SRI. As such, Plaintiffs do not allege special damages that can support a false light invasion of privacy claim. *See e.g. Chang Hyun Moon v. Kang Jun Liu*, 2015 IL App (1st) 143606, at ¶¶ 14–18, 44 N.E.3d 1134, 1141 (2015) (finding no special damages where a plaintiff pled his wife's divorce filing was based on the alleged statement placing plaintiff in a false light and defaming him but proving no actual loss); *Schaffer v. Zekman*, 196 Ill. App. 3d 727, 734, 554 N.E.2d 988, 993 (1st Dist. 1990).

Furthermore, a publication which is substantially true does not place a plaintiff in a false light. *Raveling v. HarperCollins Publ. Inc.*, 2005 WL 900232, at *4 (7th Cir. Mar. 4, 2005). Reports on COPA's website include an SRI summarizing the complaint, facts found during an investigation, and COPA's recommendation. *Case Portal*, CIVILIAN OFFICE OF POLICE ACCOUNTABILITY, https://www.chicagocopa.org/data-cases/case-portal/?sort_order=title%20desc (last visited Nov. 4, 2024). COPA also includes other relevant information including court orders but does not conclude whether an officer is guilty of the alleged offenses. *Id.* That an arbitrator later concluded that the discipline imposed was not justified, does not in and of itself support an inference that the original SRI was false or misleading or that COPA intentionally published a falsehood.

Furthermore, Plaintiffs cannot show actual malice. "[A] complaint must allege 'that the defendants made . . . the false statements with knowledge of their falsity or in reckless disregard for their truth or falsity.'" *Raveling v. HarperCollins Publishers Inc.*, 2005 WL 900232, at *4 (7th Cir. Mar. 4, 2005) (citing *Kolegas v. Heftel Broad. Corp.*, 154 Ill. 2d 1, 607 N.E.2d 201 (1992)).

Plaintiffs here have not. For those officers who received arbitration awards, Plaintiffs merely repeat the allegations remained available for an unknown period of time. Compl. ¶¶ 63, 75, 85, 90, 119. Moreover, the officers who have not received arbitration awards make no allegation beyond mere conclusory denials of the charges against them that would support an inference that COPA acted with reckless disregard when it initially posed the allegations and findings. Based on the above, the Complaint does not plead false light and Count III should be dismissed with prejudice.

## VII. Plaintiffs' Claims are Time Barred.

Failure to adhere to the statute of limitations may qualify for dismissal for failure to state a claim. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (citing *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) ("[A] district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred . . . .")). In Illinois, there is a two-year statute of limitations for § 1983 claims which begins from the time a plaintiff knew or should have known their rights were violated. *Licari v. City of Chi.*, 298 F.3d 664, 667–68 (7th Cir. 2002). The initial complaint in this matter was filed on August 12, 2024. Any timely claim would have had to occur at the latest by August 12, 2022 to fall within the two year statute of limitations. Cappello's SRI was issued January 2021, Barner's investigation was made final in January 2020, Nall's investigation was final in August 2018, and Vasquez's SRI was issued in December 2021. Compl. ¶¶ 57, 78, 88, 103. Moreover, Duron's incident occurred in 2018 and by May 2019 he knew there was no final SRI. Compl. ¶69. Plaintiffs Spacek (investigation began in early 2021), Acosta (investigation began in 2020), and Gorski (investigation began in 2018) all had reason to know if their investigations were not completed in a timely manner because by their own admission COPA attempted to complete investigations within 180 days. Compl. ¶¶ 96, 112, 117. Thus, Plaintiffs all knew or should have

known of a violation prior to August 12, 2022. Plaintiffs' complaint is therefore untimely under the statute of limitations for a §1983 claim.

Likewise, Plaintiffs had one year from the time they were aware of a potential injury to bring a claim of false light. *Poulos v. Lutheran Soc. Serv. Of Ill., Inc.*, 312 Ill. App. 3d 731, 728 N.E.2d 547 (1st Dist. 2000). Plaintiffs Cappello, Duron, Barner, Nalls, and Gorski should have filed claims no later than November 2023 to adequately sustain claims of false light against Defendants based on the findings of an arbitrator and their claims should therefore be dismissed. Plaintiffs Spacek, Vasquez, and Acosta's are not ripe and must be dismissed because they cannot show they have been placed in a false light by the failure to post the results of arbitration hearings that have not yet concluded.

## CONCLUSION

The Plaintiff Union does not have standing to pursue this matter on behalf of its members. Further, the Complaint fails to state a claim for a due process violation, an equal protection violation, a *Monell* claim against either the City, or the named individuals. Defendants are immune from suit for a claim of false light, and regardless the Complaint fails to adequately state a claim for false light. Finally, all plaintiffs fail to meet the statute of limitations for their claims. Based on the foregoing reasons, Plaintiffs' Complaint should be dismissed with prejudice.

Dated: November 8, 2024                    Respectfully submitted,

**ANDREA KERSTEN, SHARDAY JACKSON, ANGELA HEARTS-GLASS, STEPHANIE HRENO, CIVILIAN OFFICE OF POLICE ACCOUNTABILITY, CHICAGO POLICE DEPARTMENT, CITY OF CHICAGO, and LARRY B. SNELLING, Defendants**.

By:    */s/ Michael A. Warner Jr.*
               One of Their Attorneys

Michael A. Warner Jr. (maw@franczek.com)
Reva G. Ghadge (rgg@franczek.com)
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 986-0300

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that he caused a true and correct copy of the foregoing **DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT** to be filed electronically with the Clerk of the Court using the CMECF filing system which will serve on all counsel of record on this 8th day of November, 2024, namely:

Pasquale A. Fioretto (pfioretto@baumsigman.com)
Catherine M. Chapman (cchapman@baumsigman.com)
Brian C. Hlavin (bhlavin@baumsigman.com)
Laura M. Finnegan (lmfinnegan@baumsigman.com)
Destiny A. Collins (dcollins@baumsigman.com)
Carson W. Fallo (cfallo@baumsigman.com)
Baum Sigman Auerbach & Neuman, LTD.
200 West Adams Street, Suite 1825
Chicago, Illinois 60606

Devlin J. Schoop (dschoop@laduzinsky.com)
LADUZINSKY & ASSOCIATES P.C.
216 S. Jefferson St., Suite 301
Chicago, Illinois 60661

*/s/ Michael A. Warner Jr.*