# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHICAGO JOHN DINEEN LODGE #7, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 24 CV 7376 |
| ANDREA KERSTEN, et al. | ) JUDGE ALONSO |
| Defendants. | ) |
| MATTHEW E. HAYNAM, | ) |
| Defendant/Counter-Plaintiff, | ) |
| v. | ) |
| DIMAR VASQUEZ and JAIME ACOSTA, | ) |
| Plaintiffs/Counter-Defendants | ) |
| MATTHEW E. HAYNAM, | ) |
| Defendant/Cross-Plaintiff, | ) |
| v. | ) |
| CITY OF CHICAGO, an Illinois municipal corporation, | ) |
| Defendant/Cross-Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MATTHEW HAYNAM'S PARTIAL
<u>MOTION TO DISMISS</u>**

## I. INTRODUCTION

Many aspects of Plaintiffs' Complaint raise factual allegations that are **true**,[1] but

---

[1] True, primarily, with respect to many Chicago police officers who are *not* named as parties in this suit. Defendant Haynam has simultaneously filed an Answer and Affirmative Defenses to Plaintiffs' Complaint if the Court denies, in whole or in part, Haynam's motion to dismiss.

nonetheless fail to state cognizable *federal* constitutional violations for which relief can be granted in *federal* court.

Plaintiffs are Chicago Police Officers and their union who allege that Andrea Kersten, the Chief Administrator of the Civilian Office of Police Accountability (COPA), has violated their *federal* constitutional rights to due process and equal protection by conducting police misconduct investigations in a biased manner. A fair reading of Plaintiffs' Complaint is quite simple: Kersten is biased against police officers and creates narratives that cast police officers as thugs hellbent on abusing their power and terrorizing the citizens of Chicago. Plaintiffs further allege that Kersten's *modus operandi* of depriving officers of fair and impartial investigations prior to disciplinary hearings was conducted as a *Monell* official policy, custom or practice ratified or otherwise condoned by the city of Chicago.

All of the defendants have "fair notice" of the general nature of Plaintiffs' Complaint, which, ordinarily, would be sufficient to survive dismissal under Rule 12(b)(6). But, as a matter of law, Plaintiffs have no *federal* due process or equal protection right to a fair and impartial investigation. Unlike a *Manuel v. City of Joliet* unlawful pretrial detention claim where selective consideration of exculpatory evidence or investigatory malfeasance can serve as the factual predicate for a *Fourth* Amendment violation -- *i.e.*, where selective consideration of exculpatory evidence or cops feed bad information to the prosecutor to gin up a basis for probable cause -- public sector union employees have no *federal* constitutional right to due process or equal protection to a fair pre-disciplinary investigation under the Fourteenth Amendment, as is alleged here.
2

Whether that *should* be the law is beside the point. Because that is the controlling law, Plaintiffs' Complaint should be dismissed **with prejudice** as to Defendant Haynam. Specifically, as to Defendant Haynam, Plaintiffs' Complaint should be dismissed because: (1) Plaintiffs have failed to properly plead cognizable constitutional violations under the Due Process or Equal Protection clauses; (2) Plaintiffs have entirely failed to allege any facts that Haynam personally caused their alleged injuries; (3) Plaintiffs have failed to plead viable claims against Haynam in his individual or official capacity; (4) Haynam is entitled to qualified immunity as to Plaintiffs' federal constitutional claims; (5) Haynam is immune from suit against Plaintiffs' state law claim under the Tort Immunity Act; and (6) claims by Plaintiffs Vasquez and Acosta are barred by the applicable statutes of limitations controlling their federal and state law claims.

I. **STANDARD**

Rule 12(b)(6) only tests the legal sufficiency of the complaint and is not an opportunity to undertake fact-finding or weigh evidence, *One Wisconsin Inst., Inc. v. Nichol*, 155 F. Supp.3d 898, 901 (W.D. Wis. 2015), and the Court considers only the facts alleged in the complaint. *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). The Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the non-moving party (here, Plaintiff). *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012). [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations that are entitled to the assumption for truth are those that are factual, rather that mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

II. **FACTS**

The facts and reasonable inferences to be drawn from Plaintiffs' Complaint are as follows: Plaintiffs are Chicago Police Officers and their union who allege that Andrea Kersten, the Chief

Administrator of the Civilian Office of Police Accountability (COPA) has violated their federal constitutional rights to due process and equal protection by conducting police misconduct investigations in a biased manner. They allege Kersten is biased against police and creates narratives that frame police officers as thugs hellbent on abusing their power and terrorizing the citizens of Chicago. Plaintiffs further allege that Kersten's *modus operandi* of depriving officers of fair and impartial investigatory hearings was conducted as an *Monell* official policy, custom or practice of the city of Chicago.

**III.  ARGUMENT**

**A.  Plaintiffs' Constitutional Claims Fail as a Matter of Law.**

To state a claim for a procedural due process violation, a plaintiff must demonstrate: (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process. *Forgue v. City of Chicago*, 873 F.3d 962, 969 (7th Cir. 2017). Plaintiffs do not have a freestanding constitutional right to a certain type of employment investigation, because a process *itself* is not a protected property interest for purposes of the federal due process clause. *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 773 (7th Cir. 2013) ("a plaintiff does not have a federal constitutional right to state-mandated process."). And the creation of such a right under a union collective bargaining agreement or state law does not transform the breach of that collective bargaining agreement -- by virtue of a shoddy or sham disciplinary investigation -- into a *federal* constitutional violation. *Kelly v. City of Chicago*, 2023 WL 1779819, at *1-*2 (N.D. Ill. Feb. 5, 2023) (dismissing similar constitutional due process claim).

Plaintiffs' equal protection claims fare no better. As a matter of law, public employees must assert membership in a protected class to adequately state an equal protection claim alleging

different treatment from other similarly situated employees. *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591 (2008); *Forgue*, 873 F.3d at 968 (holding *Engquist* "created a *per se* rule that public employees may not bring a class-of-one claims against their public employers."). Plaintiffs' Complaint entirely fails to identify what, if any, protected class to which they belong or how they have fared better or worse with anyone outside their protected class because, again, they identify no alleged comparators.

B.   **Haynam Is Entitled to Qualified Immunity Against All Federal Constitutional Claims.**

In matters arising under 42 U.S.C. §1983, governmental actors enjoy total immunity from suit under the doctrine of qualified immunity unless: (1) their alleged conduct violated a federal or constitutional right; and (2) the unlawfulness of their conduct was clearly established at the time of its occurrence. *Gibbs v. Lomas*, 755 F.3d 529, 537 (7th Cir. 2014). Accepting the allegations in Plaintiffs' Complaint as true, Haynam is entitled to qualified immunity because: (1) Plaintiffs had no federal constitutional right to fair and impartial investigations recognized by the due process or equal protection clauses; and (2) no such right was clearly established when Haynam is alleged to have violated these non-existent rights. *Findlay v. Lendermon*, 722 F.3d 895, 899 (7th Cir. 2013)("to show that the law was 'clearly established' plaintiffs must point to some 'closely analogous case' finding the alleged violation unlawful.").

Plaintiffs can find no closely analogous case finding Haynam's alleged conduct to be unlawful. To the contrary, *Forgue*, *Engquist*, *Kelly* and *Charleston* clearly demonstrate that Plaintiffs have no federal constitutional claims in the first instance. On this alternative basis, *alone*, Haynam is entitled to dismissal of Plaintiffs' federal constitutional claims *with prejudice*.

## C. Haynam Has No Liability In His Individual or Official Capacities.

Alternatively, Plaintiffs constitutional claims against Haynam brought in his individual capacity must be dismissed for failure to allege facts demonstrating his personal participation in the alleged constitutional violation. As a matter of law, plaintiffs alleging constitutional violations must adequately plead facts showing that the defendant personally participated in the alleged constitutional violation. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)*; Walker v. Rowe*, 791 F.2d 597, 508 (7th Cir. 1986); Seventh Circuit Pattern Civil Jury Instruction No. 7.02. Excluding Defendants Vasquez and Acosta,[2] none of the Plaintiffs allege that Haynam personally caused their alleged constitutional violation. On this additional, alternative basis, Plaintiffs' constitutional claims must be dismissed *with prejudice*.

Defendant Haynam cannot be personally liable for any constitutional claims brought against him in his "official capacity" insofar as an official capacity suit is tantamount to a claim against the government itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). City of Chicago can be liable only if Plaintiffs satisfy the pleading elements under *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 , 690-91 (1978). No doubt, Defendant Kersten is an official policymaker for the City of Chicago on the issue of police misconduct investigations and Plaintiffs have alleged the existence of a widespread practice and an express policy promulgated by Kersten.[3] But the widespread practice or express policy must violate a *federal* constitutional right, which remains lacking. Because Haynam cannot be individually liable for the policies of the City of Chicago,

---

[2] Defendants Vasquez and Acosta do allege specific facts about Haynam's participation. However, as discussed *supra*, even if true, those allegations do not state cognizable claims for deprivations of federal constitutional rights to due process and/or equal protection.
[3] And Defendant Haynam admits that Defendant Kersten has, in fact, improperly influenced COPA investigations.

6

there is no legal basis for him to be held liable in his "official capacity." On this additional alternative basis, Plaintiffs' federal constitutional claims must be dismissed with prejudice.

> D. **Plaintiffs' Common Law False Light Invasion of Privacy Claim is Barred by the Tort Immunity Act.**

Under Section 2-201 of the Tort Immunity Act, "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission." 745 ILCS 10/2-201; *Prough v. Madison Cty.*, 2013 IL App (5th) 110146 (county and sheriff immune from liability for failing to prevent sone from shooting and filling father); *Green v. Chicago Bd. of Educ.*, 401 Ill. App.3d 721 (1st Dist. 2011); *DeSmet ex rel Estate of Hays v. County of Rock Island*, 219 Ill.2d 497, 514 (2006). None of the allegations in Plaintiffs' Complaint demonstrate that Haynam's alleged conduct involved anything other than the exercise of discretionary acts performed within his official duties and the provision of information *by COPA* on its website. *See Plaintiff 1 v. Bd. of Educ. of Lake Forest High Sch. Dist. 115*, 2024 IL App (2d) 230173, at ¶30 ("the provision of information should be read broadly" – holding that public entities publication of information on school website is immune from false light claim).

Plaintiffs do not allege that Haynam placed the SRI findings on COPA's website. To the contrary, his alleged liability stems solely from conducting investigations which, itself, is an inherently discretionary act including making necessary decisions about who to interview, what to consider and decisions about what, if any, weight should be given to particular evidence. On this basis alone, Plaintiffs' false light claims are barred by the Tort Immunity Act Section 2-201.

Alternatively, Plaintiffs have failed to state a cognizable claim for false light invasion of privacy against Haynam because the statements related in the COPA Logs put into issue by Defendants Vasquez and Acosta are substantially true.[4] The substantial truth doctrine is a defense

---

[4] Because only Plaintiffs Vasquez and Acosta have alleged any facts to support reflecting an intent to sue Haynam

to both a defamation and false light invasion of privacy claim. *Hardiman v. Aslam*, 2019 IL App (1st) 173196, ¶¶4-7. Moreover, plaintiffs must prove that the statements were made with actual malice. *Id*. If the allegedly defamatory statement is substantially true, the statement is not actionable. *Id.*, quoting *Parker v. House O'Lite Corp.*, 324 Ill. App.3d 1014, 1026 (2001). To be substantially true does not mean that every detail of the statement needs to be accurate. *Id*. The defendant bears the burden of establishing the substantial truth of the assertions, which can be accomplished by showing that the "gist" or sting of the defamatory material is true. *Id*.

Here, the summary report of investigation (SRI) in COPA Log #2019-0001681 (Vasquez) and COPA Log #2019-0001681 (Acosta) are substantially true and made without actual malice.[5] The gist of Log #2019-0001681 is abundantly clear that Vasquez: (1) failed to activate his body worn camera on April 25, 2018, at a key moment, making it impossible to positively identify the officer(s) who yelled racial epithets ("N-word") at unarmed African American Trayvon Dix; (2) failed to announce his badge of office when storming into Mr. Dix's apartment; (3) had no basis to believe that Mr. Dix posed a direct threat to the safety of Officer Vasquez or other officers that justified Vasquez's choice to point a loaded rifle at Mr. Dix, who was visibly unarmed and clearly posed no threat to anyone. (*See* Exhibit 1, SRI for COPA #2019-0001681). These facts, as noted in the SRI, are corroborated by body worn camera footage created by other officers who did obey departmental policy regarding body worn camera activation.[6]

---

for false light invasion of privacy, the other Plaintiffs would have no cause of action against Haynam for failure to satisfy the *Iqbal/Twombly* plausibility standard for their failure to allege any facts implicating Haynam.

[5] The court can consider extrinsic evidence on a Rule 12(b)(6) motion without converting it into a motion for summary judgment when the document is referenced in the complaint and is central to the plaintiffs' claims. *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018).

[6] But who apparently could not (or would not) identify the officer who uttered the racial slur as COPA was unable to sustain discipline against any of the officers undeniably present when the racial slur was uttered. *Id*. In other words, somebody knows who said it but is not telling. The citizens of Chicago deserve better than this from its officers.

Vasquez cannot deny that those are a substantially true description of the allegations which, remarkably, he does not substantively deny. Instead, his Complaint nitpicks at certain details, arguing that *technically* the SRI is faulty because COPA cited the CPD rule prohibiting *discharging* a firearm, when all he did was *point* a firearm. While true, it is beside the point given how COPA cited Vasquez with violating Departmental Rule 38, which prohibits unlawful or unnecessary use *or display of a weapon by an officer*. *Id*. Investigators are paid to compile and report the facts. Doing one's job is not proof of actual malice, and Vasquez alleges no other facts from which to infer actual malice on the part of Haynam.

Likewise, the gist of COPA Log #2019-0001681 is that whilst going through a contentious divorce with his ex-wife, Acosta: (1) violated a court child custody visitation order by not timely returning his son to his maternal grandmother at a specified time; (2) mistreated his ex-wife by dousing her with water; (3) unlawfully entered his wife's residence; and (4) gave inconsistent statements to other officers about his alleged conduct. Tellingly, Acosta does not deny the accuracy of the body worn camera footage or witness statements who corroborated his ex-wife's account, including background noise from the footage where the burglar alarm to his ex-wife's residence was tripped when Acosta entered the residence without permission in or around 1:30 AM. (*See* Exhibit 2) Surely Acosta has *his* version of events. But his mere disagreement with the SRI for COPA Log #2019-0001681 does not render its contents untrue, much less, the result of actual malice given the substantial corroborating evidence relied upon for its content.

Finally, neither Vasquez nor Acosta satisfy the final element of false light invasion of privacy: their Complaint fails to allege any facts that either suffered special damages. For this additional reason, their false light claim should be dismissed as to Haynam.

### E. Plaintiffs' Federal and State Law Claims Are Time Barred.

The limitations period for claims brought under 42 U.S.C. §1983 is borrowed from the state statute of limitations for personal injury claims. *Mitchell v. Donchin*, 286 F.3d 447, 450 (7th Cir. 2002). The statute of limitations "applicable to all [section] 1983 claims brought in Illinois is two years, as provided in 735 ILCS 5/13-202." *Woods v. Ill. Dep't of Child. & Fam. Servs.*, 710 F.3d 762, 768 (7th Cir. 2013). A plaintiff need not know that his injury is actionable to trigger the statute of limitations – the focus is on the discovery of the harm itself, not the discovery of the elements that make up a claim." *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). Moreover, if the plaintiff files a complaint for personal injury against a governmental entity and/or its employees, the Tort Immunity Act imposes a 1-year statute of limitations. 745 ILCS 10/8-101(a) ("No civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received . . .").

Here, the tortious injury allegedly sustained by Vasquez and Acosta was the placement of their SRI's on the COPA website, which occurred on or about December 28, 2021 and September 27, 2021, respectively. The clock on their respective claims began the moment the SRI's were placed on the COPA website. But the FOP Lawsuit was not filed until **August 16, 2024** – well beyond the one and two year statute of limitations for their federal and state law claims. As such, their false light invasion of privacy claims are time-barred and should be dismissed as to Defendant Haynam *with prejudice*.

## IV.  CONCLUSION

For the reasons addressed above, Defendant Haynam believes that Andrea Kersten has engaged in malfeasance concerning the manner in which COPA investigations have been handled and her malfeasance was imposed pursuant to her authority as a final policymaker as the Chief Administrator for COPA.  But the Plaintiffs' Complaint, as currently framed, does not allege cognizable federal constitutional claims.  Those defects, in addition to the others outlined above demonstrate that Defendant Matthew Haynam should be dismissed from this action *with prejudice*.

But in the event that the Court denies Haynam's motion, in whole or in part, he has simultaneously filed his Answer, Affirmative Defenses, Counterclaim (against Plaintiffs/ Counter-Defendants Vasquez and Acosta) and Cross-Claim (against Defendant/Cross-Defendant City of Chicago).

Respectfully submitted,

**MATTHEW E. HAYNAM**

By: /s/ *Devlin Joseph Schoop*
 Counsel for Matthew E. Haynam

Devlin Joseph Schoop (ARDC # 06243835)
Laduzinsky & Associates, P.C.
Of Counsel
216 S. Jefferson Street, Suite 301
Chicago, Illinois 60661-5743
Tel. 312.424.0700
dschoop@laduzinsky.com

*Counsel for Matthew E. Haynam*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he caused a true and correct copy of the foregoing **MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MATTHEW HAYNAM'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** to be filed electronically with the Clerk of the Court using the ECF filing system which will serve all counsel of record on this 18th day of November 2024:

>Pasquale A. Fioretto (pfioretto@baumsigman.com)
>Catherine M. Chapman (cchapman@baumsignman.com)
>Brian C. Hlavin (bhlavin@baumsigman.com)
>Laura M. Finnegan (lmfinnegan@baumsigman.com)
>Destiny A. Collins (dcollins@baumsigman.com)
>Carson W. Fallo (cfallo@bamsigman.com)
>Baum Sigman Auerbach & Neuman, Ltd.
>200 W. Adams Street, Suite 1825
>Chicago, Illinois 60606
>
>Michael A. Warner, Jr. (maw@franczek.com)
>Reva G. Ghadge (rgg@franczek.com)
>Franczek P.C.
>300 S. Wacker Drive, Suite 3400
>Chicago, Illinois 60606

>/s/ *Devlin Joseph Schoop*