UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Chicago John Dineen Lodge #7, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 24-cv-7376 |
| v. ) | |
| ) | Hon. Jorge L. Alonso |
| Andrea Kersten, individually and in ) | |
| her official capacity, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**Memorandum Opinion and Order**

Before the Court are two motions to dismiss the amended complaint in this civil rights case, brought by Plaintiffs Chicago John Dineen Lodge #7 ("the Lodge") and Officers Joseph Cappello, Eric Duron, Vincent Barner, Terrance Nalls, George Spacek, Dimar Vasquez, Jaime Acosta, and Lukasz Gorski (collectively, excluding the Lodge, "the Plaintiff Officers") to challenge disciplinary proceedings against the Plaintiff Officers. Defendants, Andrea Kersten, Sharday Jackson, Angela Hearts-Glass, Stephanie Hreno, the Civilian Office of Police Accountability ("COPA"), the Chicago Police Department ("CPD"), the City of Chicago (the "City"), and Larry B. Snelling (collectively, the "City Defendants") move to dismiss Plaintiffs' amended complaint under Rules 12(b)(1) and 12(b)(6). Defendant Matthew Haynam moves to dismiss Plaintiffs' amended complaint under Rule 12(b)(6). For the reasons that follow, the Court grants both motions to dismiss without prejudice.

**Background**

The Court takes the below facts primarily from the well-pleaded allegations in Plaintiffs' amended complaint, which are accepted as true for purposes of Defendants' motions to dismiss. *United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016). In addition, the

Court takes certain facts from the documents attached to or referenced in Plaintiffs' amended complaint or otherwise subject to judicial notice. *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013). Because the amended complaint is voluminous, the Court sets forth only the facts necessary for this opinion.

This case arises from investigations conducted by COPA into alleged police misconduct by the Plaintiff Officers and determinations by the Chicago Superintendent of Police regarding the same. COPA's purpose is to fairly and timely conduct investigations into alleged police misconduct and to determine whether allegations are well-founded by a preponderance of the evidence. When COPA finalizes an investigation, it uploads a Final Summary Report of Investigation to its publicly available website and sends its investigative file, findings, and disciplinary recommendations to the Superintendent. The Superintendent may submit COPA's findings to the Command Channel Review process, where the accused officer's supervisors review the file and provide a concurrence or non-concurrence with COPA's recommendations. After this, the Superintendent either accepts or rejects COPA's disciplinary recommendation and takes any other action he deems appropriate. If the Superintendent accepts COPA's disciplinary recommendation, the accused officer must serve the penalty or challenge it through arbitration.

The Plaintiff Officers are covered by a collective bargaining agreement ("CBA") between the Lodge and the City of Chicago which establishes the wages, hours, and terms and conditions of the Plaintiff Officers' employment. Article 8 of the CBA provides that "[n]o Officer covered by this Agreement shall be suspended, relieved from duty or otherwise disciplined in any manner without just cause." (ECF Nos. 9 at ¶ 10; 50-1 at § 8.1.)[1] Article 9 of the CBA provides CPD

---

[1] The Court takes judicial notice of the CBA which is cited in Plaintiffs' complaint, is attached to their response to Defendants' motions to dismiss, and is central to their claims. *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th

2

officers the right (with the Lodge's consent) to submit grievances related to recommendations for suspension or reprimands to arbitration to be decided by an arbitrator whose decision "shall be final and binding on the parties[.]" (ECF No. 50-1 at § 9.6.) While the grievance is pending an officer "will not be required to serve the recommended suspension, nor will the reprimand or suspension be entered on the officer's disciplinary record[.]" (*Id.*) As the exclusive collective bargaining unit for CPD Officers, the Lodge defends officers accused of misconduct in arbitration.

Each of the Plaintiff Officers was investigated by COPA, which recommended a suspension for each officer. The recommended suspensions were approved by the Superintendent. To date, none of the Officers have served a suspension recommended by COPA and approved by the Superintendent because the decision was either rescinded at arbitration or arbitration is still pending. A summary of the recommended discipline and subsequent arbitration history for each Plaintiff Officer is below.

- **Officer Cappello**: COPA investigated Officer Cappello and recommended a 30-day suspension. Superintendent Brown subsequently increased the penalty to a 45-day suspension. An arbitrator ultimately rescinded Officer Cappello's suspension.

- **Officer Duron**: COPA investigated Officer Duron and recommended a 10-day suspension. Superintendent Brown upheld the suspension. An arbitrator ultimately reduced Officer Duron's suspension to a reprimand.

- **Officer Barner:** COPA investigated Officer Barner and recommended a 10-day suspension. Superintendent Brown upheld the suspension. An arbitrator ultimately rescinded Officer Barner's suspension.

- **Officer Nalls:** COPA investigated Officer Nalls and recommended a 20-day suspension. Superintendent Brown upheld the suspension. An arbitrator ultimately rescinded Officer Nalls' suspension.

- **Officer Spacek:** COPA investigated Officer Spacek and recommended a 20-day

---

Cir. 2018) ("It is well-settled in this circuit that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." (quotations omitted)).

- suspension. Superintendent Carter upheld the suspension. The Lodge has submitted the matter to arbitration, where no decision has yet been made.

- **Officer Vasquez:** COPA investigated Officer Vasquez and recommended a 365-day suspension. Superintendent Brown upheld the suspension. The Lodge has submitted the matter to arbitration, where no decision has yet been made.

- **Officer Acosta:** COPA investigated Officer Acosta and recommended a 180-day suspension. Superintendent Brown subsequently increased the suspension to 365 days. The Lodge has submitted the matter to arbitration, where no decision has yet been made.

- **Officer Gorski:** COPA investigated Officer Gorski and recommended a 180-day suspension. Superintendent Brown upheld the suspension. An arbitrator ultimately rescinded Officer Gorski's suspension.

The Plaintiff Officers allege that their pre-arbitration investigations by COPA and the discipline enacted by the Superintendent were flawed for various reasons, including that COPA officials made public comments on pending investigations, ignored relevant evidence, utilized unreliable evidence, fabricated evidence, waited an unnecessarily long time to conduct and finalize investigations, and ignored ordinary disciplinary ranges, departmental guidance, and policies. Plaintiffs bring this action alleging that (1) Defendants deprived them of equal protection of law and due process under 42 U.S.C. § 1983, (2) that the City is separately liable under § 1983 under a theory of *Monell* liability, and (3) that Kersten, COPA, the City of Chicago, and the CPD are liable for the common law tort of false light invasion of privacy. The City Defendants move to dismiss the amended complaint under Rules 12(b)(1) and 12(b)(6). (ECF No. 32.) Hayman has separately moved to dismiss the amended complaint under Rule 12(b)(6). (ECF No. 37.)

**Legal Standards**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is

4

entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## Discussion

For the reasons that follow, the Court finds that the Lodge has standing to bring this action, dismisses each of the Plaintiffs' federal claims under Rule 12(b)(6), and declines to exercise supplemental jurisdiction over Plaintiffs' state law claim.

### I. The Lodge's Standing

The Court starts its analysis where it must, with standing. *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 967 n.1 (7th Cir. 2013) (finding that when movant sought dismissal under 12(b)(1) and 12(b)(6), it was error for the district court to dismiss under 12(b)(6) without assessing the 12(b)(1) challenge). The City Defendants allege that the Lodge does not have standing to bring this action. Plaintiffs concede that the Lodge does not have direct standing but argue that the Lodge has associational standing to seek injunctive relief. The Court agrees with Plaintiff.

The demonstration of associational standing "requires factual allegations showing that (1)

5

at least one of the association's members would otherwise have standing to sue in their own right; (2) the interests sought to be protected by the lawsuit are germane to the association's purpose; and (3) neither the claims asserted nor the relief sought requires the participation of individual members in the lawsuit." *Parents Protecting Our Child., UA v. Eau Claire Area Sch. Dist., Wisconsin*, 95 F.4th 501, 505 (7th Cir. 2024) (citing *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)). Because it is clear to the Court (and the parties do not dispute) that the Lodge's members, including the Plaintiff Officers, have standing to sue in their own right with regards to the alleged constitutional violations, the Court addresses only whether the interests sought to be protected are germane to the Lodge's purpose and whether the participation of individual members is required for the Court to award relief.

The interests the Lodge seeks to protect are germane to its purpose.[2] Through this suit, the Lodge, Chicago's local chapter of the Fraternal Order of Police and the exclusive bargaining unit for the Plaintiff Officers, seeks to protect its members from perceived unfair investigations and discipline by Defendants, which it alleges violate federal law, state law, and the CBA. (ECF No. 9 ¶¶ 1, 3, 6, 10.) Article II of the Lodge's Constitution[3] lists an objective "[t]o protect the constitutional, statutory and contractual rights of all members of [the Lodge's] bargaining unit." Constitution and By-Laws, Chicago John Dineen Lodge #7, available at https://www.chicagofop.org/images/assets/Fully-Executed-By-Laws-5-31-2023.pdf; *see also Automobile Workers v. Brock*, 477 U.S. 274, 286 (1986) (analyzing the UAW's constitution to

---

[2] The parties debate whose position is supported by *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982). This argument is misplaced because the case concerned organizational rather than associational standing. *Legal Aid Chicago v. Hunter Props., Inc.*, No. 23-CV-4809, 2024 WL 4346615, at *7 (N.D. Ill. Sept. 30, 2024) (explaining the difference between organizational and associational standing and that *Havens* is the "leading case on organizational standing").

[3] The Court takes judicial notice of this publicly available document. *Pugh v. Tribune Co.*, 521 F.3d 686, 691 n.2 (7th Cir. 2008).

determine that the suit was germane to the UAW's purpose). Courts often hold that a union has a germane interest in protecting the rights of its members. *United Food & Com. Workers Union Loc. 751 v. Brown Grp., Inc.*, 517 U.S. 544, 557 n.6 (1996) (holding that "the paramount role, under federal labor law, that unions play in protecting the interests of its members" supported finding that a lawsuit concerning failure to warn of layoffs was germane to a union's purpose); *United Transp. Union-Illinois Legislative Bd. v. Surface Transp. Bd.*, 183 F.3d 606, 611 (7th Cir. 1999) (holding protecting employees from environmental risks is germane to a union's purpose because it implicates a "mandatory subject[] of collective bargaining"); *Chicago Reg'l Council of Carpenters v. Pepper Constr. Co.*, 32 F. Supp. 3d 918, 925 (N.D. Ill. 2014) (holding that a union's interests in "ensuring that its members are not subjected to discriminatory pre-employment testing are germane to the union's purpose"). Accordingly, the Court finds that protecting the contractual and constitutional rights of CPD officers is germane to the Lodge's purpose.

This leaves the requirement that participation of individual members not be necessary for the claims asserted or the relief sought. In their motion to dismiss, the City Defendants argued that individual participation is required because certain requests for relief include monetary damages, which can only be substantiated by individual members. (ECF No. 33 at 9.) In response, the Plaintiffs assert that the Lodge is seeking injunctive relief regarding the alleged unlawful practices of Defendants concerning its members' due process and equal protection rights, rather than money damages. (ECF No. 50 at 23–24.) The Court finds that with this limitation, individual participation of the Lodge's members is not required. *Loc. 194, Retail, Wholesale & Dep't Store Union v. Standard Brands, Inc.*, 540 F.2d 864, 865 (7th Cir. 1976) ("[W]e have no difficulty in finding standing in the union to represent its members who have allegedly suffered from discriminatory

employment practices insofar as injunctive and declaratory relief is claimed.") Accordingly, the Lodge has standing to bring this case at this stage of the litigation.[4]

## II. Due Process

Plaintiffs assert a claim under § 1983 alleging Defendants deprived Plaintiffs of their due process rights under the 14th Amendment through allegedly unfair COPA investigations and Defendants' interference in their continued employment. The Fourteenth Amendment prohibits the state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To survive the present motions to dismiss, Plaintiffs must establish "(1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process." *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010). Defendants argue, among other things, that Plaintiffs have no cognizable property right in the process of COPA investigations and Plaintiffs' property right in continued employment has not been deprived. The Court agrees, and, accordingly, it dismisses Plaintiffs' due process claim without reaching Defendants' alternative arguments for dismissal.

### A. Plaintiffs Have No Cognizable Property Interest in COPA's Investigation

Plaintiffs assert that they have a cognizable property interest in a fair investigation by COPA. Defendants respond that the Plaintiff Officers "have no protectible due process right to challenge COPA's pre-disciplinary investigation process." (ECF No. 33 at 10.) Because COPA's investigation constitutes process rather than a protected property interest, the Court dismisses

---

[4] While the Lodge seeks only injunctive relief, the City Defendants do not explain why the need for the participation of individual members would preclude the Lodge from establishing standing for damages for the individual members participating in the case. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 602 (7th Cir. 1993) ("Rather, the third prong of Hunt is more plausibly read as dealing with situations in which it is necessary to establish 'individualized proof' for litigants not before the court in order to support the cause of action." (cleaned up)).

Plaintiffs' due process claim premised on a property interest in a fair investigation. *Hunt v. City of Chicago*, No. 1:23-CV-00522, 2024 WL 4333189, at *3 (N.D. Ill. Sept. 27, 2024) ("Hunt does not have a freestanding constitutional right to a certain kind of employment investigation, because a *process* in itself is not a property interest protected by the Due Process Clause." (emphasis in original)); *Prieto v. City of Chicago*, No. 22-CV-04794, 2023 WL 8451812, at *3 (N.D. Ill. Dec. 6, 2023) (holding that the constitution does not protect a police officer's interest in fair and impartial employment investigations); *Kelly v. City of Chicago*, No. 22 C 4535, 2023 WL 1779819, at *2 (N.D. Ill. Feb. 5, 2023) (holding there is no right to a fair and impartial COPA investigation because "the right to a fair and impartial hearing may be protected under state law, but it is not a constitutionally-protected property right"); *Charleston v. Bd. of Trustees of Univ. of Illinois at Chicago*, 741 F.3d 769, 773 (7th Cir. 2013) ("[A] plaintiff does not have a federal constitutional right to state-mandated process."); *Olim v. Wakinekona*, 461 U.S. 238, 250–51 (1983) ("Process is not an end in itself. . . . The State may choose to require procedures . . . but in making that choice the State does not create an independent substantive right.").[5]

### B. Plaintiffs Were Not Deprived of Continued Employment

To the extent that Plaintiffs allege a property interest in continued employment, Plaintiffs have not plausibly alleged they were deprived of this right. To deprive means "to take something away from" or "to withhold something from." *Deprive,* Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/deprive. As such, the mere *risk* that deprivation of

---

[5] The Court does not find Plaintiffs' citations to criminal trials to be convincing in light of the differences between the requirements of due process in the criminal and civil contexts, the fact that liberty interests are inherent in a criminal prosecution, and the binding authority cited above. *See, e.g.*, *California v. Trombetta*, 467 U.S. 479, 485 (1984) ("Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness.")

9

a property interest may occur does not itself constitute deprivation. *Barrows v. Wiley*, 478 F.3d 776, 780 (7th Cir. 2007) ("[T]o recover for a deprivation of a property interest, a plaintiff must show some economic loss from the state's action, or at least an identifiable impact on his future income or economic benefits."); *Williams v. Vill. of Alsip, Illinois*, No. 22 C 4892, 2024 WL 1116106, at *5 (N.D. Ill. Mar. 14, 2024) (dismissing due process claim where "[a]t most, Plaintiffs have alleged only a 'risk' and 'possibility' of being deprived of any interest.").

Plaintiffs acknowledge that the CBA "repeatedly emphasize[s] that an Officer's penalty is not finalized until either (1) the officer accepts the penalty, or (2) the parties elect to handle the matter before an arbitrator and the arbitrator makes a final decision regarding the penalty" and that no Plaintiff Officer has yet served any suspension. (ECF No. 50 at 33.) In fact, five of the eight suspensions will never go into effect due to arbitration decisions vacating the suspensions and the remaining three will not go into effect unless and until arbitration affirms the suspension. Accordingly, Plaintiffs have not alleged any deprivation of a property interest, and their due process claim based on a theory of continued employment must also be dismissed.

### III. Equal Protection

Plaintiffs also allege that Defendants violated the Equal Protection Clause in their investigations of the Plaintiff Officers. "The Equal Protection Clause of the Fourteenth Amendment prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called 'class of one.'" *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). As public employees, Plaintiffs are incapable of pleading a class-of-one theory under the Equal Protection Clause—instead, the "Equal Protection Clause is implicated when the government makes class-based decisions in the

employment context, treating distinct groups of individuals categorically differently." *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 594, 605 (2008). Recognizing this limitation, Plaintiffs argue that police officers should be treated as a protected class under the Equal Protection Clause.

The Court disagrees. Plaintiffs cite no authority supporting the assertion that police officers are a protected class. Relevant authority reaches the opposite conclusion. *See, e.g.*, *Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307, 313 (1976) (holding uniformed police officers over 50 not a suspect class); *Pruitt v. City of Arlington*, No. C08-1107 MJP, 2009 WL 481293, at *1 (W.D. Wash. Feb. 23, 2009) ("Governmental and police officials are not a suspect class."); *Daughtry v. Arlington Cnty., Va.*, 490 F. Supp. 307, 313 (D.D.C. 1980) ("Police officers do not form a suspect class."). While Plaintiffs point in their response briefs to state laws and a proposed federal law which would provide certain protections to police officers, they have provided no authority to support the position that such legislation informs the interpretation of the United States Constitution. (ECF Nos. 50 at 16–19; 54 at 12–15.) And the amended complaint does not allege facts that would support any inference that the Plaintiff Officers should be treated as members of a protected class, which alone justifies dismissal. Accordingly, the Court dismisses Plaintiffs' equal protection claim.

## IV. *Monell*

For the reasons discussed above, Plaintiffs have failed to plausibly allege a violation of their constitutional rights. Accordingly, Plaintiffs' *Monell* claim must be dismissed. *Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir. 2010) ("[A] municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee.").

## V. **False Light Invasion of Privacy**

11

Because the Court has dismissed the federal claims brought against the Defendants, it declines to exercise supplemental jurisdiction over Plaintiffs' false light invasion of privacy claims. *Cortezano v. Salin Bank & Trust Co.,* 680 F.3d 936, 941 (7th Cir. 2012) ("Generally, when a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits.").

## Conclusion

Defendants' motions to dismiss Plaintiffs' amended complaint [32] [37] are granted under Rule 12(b)(6) for the reasons stated above. Plaintiffs shall have leave to file a second amended complaint within 21 days of the entry of this order. If they do not do so, the Court will terminate this action.

**SO ORDERED.**                              ENTERED: April 24, 2025

_____

**HON. JORGE ALONSO**

**United States District Judge**